15 MAG 2038         ORIGINAL

Approved: _____
          JENNIFER LANE GACHIRI
          Assistant United States Attorney

          DOC # _____1_____

Before:   THE HONORABLE JAMES L. COTT
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - X
                                       :
UNITED STATES OF AMERICA               :   COMPLAINT
                                       :
     - v. -                            :   Violation of 18 U.S.C.
                                       :   §§ 111(a)(1) & 2
                                       :
RANDY HEARD,                           :   COUNTY OF OFFENSE:
                                       :   NEW YORK
  a/k/a "Randy J. Herb, Jr.,"          :
  a/k/a "Randell Heard,"               :
  a/k/a "Randy Tucker,"                :
  a/k/a "Ray Pen,"                     :
  a/k/a "Pen Ray,"                     :
  a/k/a "Sean Jean,"                   :
  a/k/a "Michael Youse,"               :
                                       :
               Defendant.              :
                                       :
- - - - - - - - - - - - - - - - - - - X



SOUTHERN DISTRICT OF NEW YORK, ss.:

     ROBERT D. SOOTER, being duly sworn, deposes and says that he is a Supervisory Special Agent with the United States Department of Homeland Security ("DHS"), Federal Protective Services ("FPS"), and charges as follows:

                           COUNT ONE
     ASSAULT ON OR INTIMIDATION OF A FEDERAL OFFICER OR EMPLOYEE

     1.   On or about May 29, 2015, in the Southern District of New York, RANDY HEARD, a/k/a "Randy J. Herb, Jr.," a/k/a "Randell Heard," a/k/a "Randy Tucker," a/k/a "Ray Pen," a/k/a "Pen Ray," a/k/a "Sean Jean," a/k/a "Michael Youse," the defendant, knowingly did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, while engaged in and

on account of the performance of official duties, to wit, HEARD verbally intimidated and physically assaulted an employee ("Victim-1") of the Social Security Administration ("SSA").

(Title 18, United States Code, Sections 111(a)(1) and 2.)

## COUNT TWO
### RESISTANCE AND INTERFERENCE WITH OFFICIAL DUTIES

2.  On or about June 12, 2015, in the Southern District of New York, RANDY HEARD, a/k/a "Randy J. Herb, Jr.," a/k/a "Randell Heard," a/k/a "Randy Tucker," a/k/a "Ray Pen," a/k/a "Pen Ray," a/k/a "Sean Jean," a/k/a "Michael Youse," the defendant, knowingly did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, while engaged in and on account of the performance of official duties, to wit, HEARD physically resisted an agent of FPS ("Victim-2").

(Title 18, United States Code, Sections 111(a)(1) and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3.  I am a Supervisory Special Agent with FPS and have been so employed for approximately one year. Previously, I served as a Special Agent with FPS for approximately five years, and as a Special Agent with the Air Force Office of Special Investigations for six years. This affidavit is based upon my conversations with law enforcement officers and witnesses, and my examination of reports, records, video, and photographs. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts I have learned during the investigation. Where the contents of documents or the actions, statements, or conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.  From my review of a report prepared by employees of the SSA, I know the following in substance and in part:

    a.  On or about October 10, 2013, RANDY HEARD, a/k/a "Randy J. Herb, Jr.," a/k/a "Randell Heard," a/k/a "Randy Tucker," a/k/a "Ray Pen," a/k/a "Pen Ray," a/k/a "Sean Jean," a/k/a "Michael Youse," the defendant, appeared at the offices of the SSA that are located in the vicinity of 1111 Myrtle Avenue, Brooklyn, New York (the "Myrtle Avenue Building").

b. HEARD became agitated when an SSA employee ("Employee-1") advised him that he had failed to report to a service window when his number was called. HEARD responded, in sum and substance, that SSA personnel should call the police because he was "going to go bananas." Though Employee-1 added that she would assist him, HEARD responded, in sum and substance, that he would wait for Employee-1 outside of the Myrtle Avenue Building and "smash her face when she gets outside."

c. The SSA subsequently mailed HEARD a letter barring him from personally reporting to any SSA office on his own initiative (the "Ban Letter"). The Ban Letter instead instructed HEARD to conduct any SSA-related business by phone. The Ban Letter further instructed HEARD to personally report to SSA offices only upon the SSA's request, and on dates and times that the SSA prescribed.

5. From my review of a report prepared by employees of the SSA, my review of sworn statements prepared by Victim-1 and another SSA employee ("Witness-1"), and my conversations with other law enforcement officers, I know the following in substance and in part:

a. On or about May 29, 2015, Victim-1 was employed at the SSA as a District Manager. Victim-1 was assigned to perform his official duties in an SSA building at 123 William Street, New York, NY (the "Building") that day. At approximately 4:00p.m., RANDY HEARD, a/k/a "Randy J. Herb, Jr.," a/k/a "Randell Heard," a/k/a "Randy Tucker," a/k/a "Ray Pen," a/k/a "Pen Ray," a/k/a "Sean Jean," a/k/a "Michael Youse," the defendant, violated the Ban Letter by appearing at the offices of the SSA in the Building.

b. An SSA employee alerted Victim-1 to HEARD's presence, while other SSA employees requested assistance from the New York City Police Department ("NYPD") and FPS. Before FPS inspectors arrived, HEARD stated to Victim-1, in sum and substance, "I'm going to kill a cop tonight. Bring the rain, and not just regular rain. I am going to kill some of you people." After FPS inspectors arrived, Victim-1 provided HEARD with an additional copy of the Ban Letter, and reminded HEARD of the restrictions outlined therein. FPS inspectors then escorted HEARD outside of the Building.

6. From my review of a report prepared by employees of the SSA, my review of a sworn statement prepared by Victim-1, my review of video surveillance (the "Video"), and my conversations with other law enforcement officers, I know the following in substance and in part:

a. On or about May 29, 2015, at approximately 5:20p.m., Victim-1 exited the Building, walked along Williams Street, and began to descend the stairs at the Fulton Street New York City Metro Transit Station (the "Station"). At that time, Victim-1 heard someone yell. When Victim-1 turned around to identify who had spoken, he observed RANDY HEARD, a/k/a "Randy J. Herb, Jr.," a/k/a "Randell Heard," a/k/a "Randy Tucker," a/k/a "Ray Pen," a/k/a "Pen Ray," a/k/a "Sean Jean," a/k/a "Michael Youse," the defendant, jump out of a wheelchair and follow Victim-1 down the stairs. As HEARD followed Victim-1, HEARD stated, in sum and substance, "I'm going to kill you. Believe it, I'm going to kill you." Victim-1 continued walking and passed through the Station's turnstiles.

b. HEARD then attempted to reach towards Victim-1 through the metal barriers that separated them. HEARD added, in sum and substance, "give me my money, I will kill you." HEARD also spat, several times, on Victim-1's face and clothing. Victim-1, who felt afraid, subsequently phoned 9-1-1, but HEARD had left the scene by the time that NYPD officers arrived.

7. From my review of a report prepared by an employee of SSA ("Employee-2"), I know that on or about June 11, 2015, RANDY HEARD, a/k/a "Randy J. Herb, Jr.," a/k/a "Randell Heard," a/k/a "Randy Tucker," a/k/a "Ray Pen," a/k/a "Pen Ray," a/k/a "Sean Jean," a/k/a "Michael Youse," the defendant, called the SSA and asked Employee-2 at what time the office would close that day. Employee-2 responded that the office would close at 4:00p.m., and that it is generally best to arrive by 3:00p.m. or 3:30p.m. HEARD then stated that he would like to reinstate his Social Security benefits, and that "someone better take care of [me]."

8. From my conversations with Victim-2, I learned in substance and in part that:

a. On or about June 12, 2015, an FPS radio dispatcher alerted other law enforcement officers ("LEOs") of the fact that RANDY HEARD, a/k/a "Randy J. Herb, Jr.," a/k/a "Randell Heard," a/k/a "Randy Tucker," a/k/a "Ray Pen," a/k/a

"Pen Ray," a/k/a "Sean Jean," a/k/a "Michael Youse," the defendant, had returned to the SSA's offices within the Building. The LEOs, including Victim-2, responded to the Building and immediately observed HEARD sitting in the waiting area of the SSA's offices.

        b.    The LEOs approached HEARD and identified themselves as members of law enforcement. Victim-2 then asked HEARD to accompany the LEOs to an interview room. While inside of the interview room, Victim-2 advised HEARD that he had trespassed on the property by violating the Ban Letter.

        c.    HEARD then handed Victim-2 various documents, including a document containing SSA contact numbers and a form reflecting his release from a correctional facility. Shortly thereafter, HEARD lunged towards Victim-2 and snatched one of the documents from Victim-2's hands, striking Victim-2's hands in the process. Other LEOs and Victim-2 immediately attempted to place HEARD under arrest. HEARD resisted by swinging his arms and locking his arms under his body. HEARD also spontaneously stated, in sum and substance, "I should've killed him. This is all because I spit on him."

        d.    HEARD was subsequently arrested. After his arrest, HEARD made a series of spontaneous statements, including the following:

            i.    As to Victim-1, HEARD stated, in sum and substance, among other things, "I would have stabbed him," "I'd rather go to jail for a stabbing than live in the train station," and "I'm going to have to stab that man."

            ii.    As to other SSA employees, HEARD stated, in sum and substance, among other things, "let them know they're gonna die when they get out of this building," "I'm going to stab them in the throat, any one of them now," and "I'm stabbing them today, any one of them that come out of this office. I'm going downstairs to get a knife."

    WHEREFORE, deponent respectfully requests that RANDY HEARD, a/k/a "Randy J. Herb, Jr.," a/k/a "Randell Heard," a/k/a "Randy Tucker," a/k/a "Ray Pen," a/k/a "Pen Ray," a/k/a "Sean

Jean," a/k/a "Michael Youse," the defendant, be imprisoned or bailed, as the case may be.

_____
Robert D. Sooter
Supervisory Special Agent, FPS

Sworn to before me this
13th day of June, 2015

_____
THE HONORABLE JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

6